IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RYAN RUSH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONIO ARAGON, II, *et al.*,<br><br>Defendants. | 2:26-CV-036-Z |

**ORDER**

Before the Court is Plaintiffs' Emergency Motion to Extend Expert Deadline, Motion to Compel Discovery, and Brief in Support ("Motion"), filed July 20, 2026. ECF No. 28. Defendants responded on July 24, 2026. ECF No. 30. Plaintiffs replied on July 28, 2026. ECF No. 31. For the following reasons, the Court **GRANTS** the Motion **in part** and **DENIES** it **in part**.

LEGAL STANDARD

Federal Rule of Civil Procedure Rule 26(b)(1) explains that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The scope of discovery is broad. *See United States v. Planned Parenthood Fed'n of Am., Inc.*, No. 2:21-CV-022, 2022 WL 19010334, at *2 (N.D. Tex. Aug. 25, 2022). Rule 26's only limitations are that discovery requests need to be "(1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case." *Id.* The threshold for relevance at the discovery stage is distinctly lower than the threshold for admissibility at trial. *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted). At this stage, relevance is construed broadly enough to include any "matter that bears on, or that reasonably could lead to other matter that could bear on, any

issue that is or may be in the case." *Id.* (internal marks omitted). Thus, discovery should be allowed unless "the information sought can have no possible bearing on the claim or defense of a party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).

If a party fails to produce documents or answer an interrogatory under Federal Rules of Civil Procedure 33 and 34, then Rule 37(a)(3)(B) allows the other party to "move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The party resisting the compulsion "must show specifically how each discovery request is not relevant or otherwise objectionable." *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (N.D. Tex. 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). Similarly, "[s]erving unsupported and boilerplate or stock objections does not preserve or accomplish anything other than waiver and subjecting the responding party to sanctions." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 582 (N.D. Tex. 2018).

Further, "[u]nder Federal Rule of Civil Procedure 26(c), the Court 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *R2 Sols. LLC v. Databricks, Inc.*, No. 4:23-CV-1147, 2024 WL 4753314, at *1 (E.D. Tex. Nov. 12, 2024) (quoting Fed. R. Civ. P. 26(c)(1)). The "Fifth Circuit has recognized that 'at the discovery stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information.'" *June Med. Servs., LLC v. Phillips*, No. CV 14-525, 2022 WL 1481791, at *3 (M.D. La. May 10, 2022) (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021)). "The Court has broad discretion in determining whether to grant a

motion for protective order because it is 'in the best position to weigh fairly the competing needs and interests of parties affected by discovery.'" *R2 Sols. LLC*, 2024 WL 4753314, at *1 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

**ANALYSIS**

Plaintiffs contend that "Defendants did not timely respond or produce documents" after they "served Defendants with requests for production" four days after the beginning of discovery. ECF No. 28 at 1. Plaintiffs request six forms of relief:

> [T]he Court should: (1) order expedited briefing; (2) overrule Defendants' objections; (3) require all Defendants to serve separate, request-specific amended responses and complete full production within ten days of granting this motion; (4) require a compliant privilege log within ten days; (5) extend Plaintiffs' initial expert deadline by at least thirty days from the date Defendants fully produce records responsive to the requests at issue and after all associated privilege challenges have been resolved; and (6) award Plaintiffs their reasonable expenses.

*Id.* at 10. The Court ordered expedited briefing and stayed the expert-designation deadline in a prior Order. *See* ECF No. 29. The Court now addresses Plaintiffs' four remaining requests.

## I. Defendants' Objections and Plaintiffs' Requested Production

### A. *Protective Order*

Defendants first object that "Plaintiffs' refusal to agree to a protective order and BAA undercuts their request to compel." ECF No. 30 at 4. They say they have "repeatedly offered production under a protective order," without which they "cannot lawfully produce proprietary financial information" and certain patient health information. *Id.* at 3–4. Defendants then fail to describe any instance in which they offered to agree to *any* protective order, much less "the Court's standard protective order" (which the Court was not aware it had). *Id.* at 7.

Protective orders can be crucial during the discovery stage, especially where, as here, a party may be unable to disclose certain information without running afoul of state or federal law. The Court thus **DENIES** Plaintiffs' Motion to the extent it asks Defendants to forego the protections of a protective order entirely. The parties are **ORDERED** to confer and file an agreed protective order **within seven days of the date of this ORDER**.

*B. Defendants' Boilerplate Responses and Non-existent Privilege Log*

As Plaintiffs note, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). Across two sets of responses dated July 13 and July 17, 2026, Defendants repeatedly copy-paste nearly identical objections to Plaintiffs' requests for production. *Compare, e.g.*, ECF No. 28-3 at 8 ("Subject to and without waiving these objections, Responding Defendants refer Plaintiff to documents previously produced bearing Bates Nos. PANHANDLE 000001-PANHANDLE 000275, PEG000001-PEG000068, and AMCAT_000001-AMCAT_000277, to the extent responsive to governing agreements, buy-sell provisions, valuation, withdrawal, retirement, resignation, redemption, or related issues. Responding Defendants are withholding privileged legal analyses and attorney communications as reflected in their privilege log and statement regarding withheld documents."), *with id.* at 20 ("Subject to and without waiving these objections, Responding Defendants refer Plaintiff to documents previously produced bearing Bates Nos. PANHANDLE 000001-PANHANDLE 000275, PEG000001-PEG000068, and AMCAT_000001-AMCAT_000277, to the extent responsive to requests for books and records, financial information, valuation information, accounting records, and responses or conditions related to such requests. Privileged attorney communications and protected work product are withheld as reflected in Responding Defendants' privilege log and statement regarding withheld documents.").

These boilerplate responses do not answer Plaintiffs' requests and provide virtually no relevant information. Defendants are **ORDERED** to provide amended responses to all requests **no later than ten days after the date of this Order**. Each amended response must specifically state whether Defendants have completed a full search for the relevant documents, what they have produced or will produce, what they are continuing to withhold and why, and a firm date by which production will be complete.

Nor does Defendants' referenced privilege log actually exist, as far as the Court can tell. *See* ECF No. 30 at 5 ("Defendants have agreed to supplement *after* a reasonable search and provide a privilege log for withheld materials." (emphasis added)). Exactly *when* Defendants will produce such a privilege log remains unclear. *See id.* at 6 ("Rule 26(b)(5) and the Scheduling Order require a privilege log; Defendants will provide one.").

Defendants are **ORDERED** to produce a compliant privilege log **within ten days of the date of this Order**. Failure to specifically respond to Plaintiffs' requests will result in the Court finding that Defendants have waived their objections to a given request. Conditional, "subject to"-style responses will also be treated as failures to respond. Defendants are encouraged to keep the privilege log short; broad assertions of privileges that do not apply will result in the Court overruling Defendants' objections and ordering production of each document in full.

## II. Plaintiffs' Expenses

Plaintiffs also ask the Court to "award Plaintiffs their expenses associated with this motion and allow the parties to address the amount in separate briefing." ECF No. 28 at 10. As Plaintiffs note, Rule 37 states that when a motion to compel is granted, courts should award the movant their reasonable expenses incurred in making the motion. However, the court may not order such payment if the movant did not engage in good faith to obtain the discovery prior to filling the motion to compel, the resisting party's nondisclosure or

objections were substantially justified, or other circumstances make the award unjust. FED. R. CIV. P. 37(a)(5)(A)(i)–(iii). If the motion to compel is granted in part and denied in part, the court may grant a partial fee award. FED. R. CIV. P. 37(a)(5)(C).

Because the Court granted the Motion in part and denied it in part, Rule 37 requires that Defendants have "an opportunity to be heard" before "apportion[ing] the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C). Defendants are **ORDERED** to brief why the Court should not award Plaintiffs a portion of their "reasonable expenses for the motion." *Id.* This brief must be filed **within ten days of this Order**.

## CONCLUSION

The Motion is **GRANTED in part** and **DENIED in part**. Defendants are **ORDERED** to complete their production as described above. The expert-designation deadline is now set for **thirty days after Defendants complete the production described in this Order**, with the responsive and rebuttal expert deadlines also shifted back by the same interval.

**SO ORDERED.**

August 5, 2026.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE