IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RYAN RUSH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONIO ARAGON, II, *et al.*,<br><br>Defendants. | 2:26-CV-036-Z |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Second Emergency Motion to Extend Expert Deadline, Motion to Compel Compliance with August 5, 2026 Court Order, and Brief in Support ("Motion"), filed August 30, 2026. ECF No. 45. Defendants responded on September 3, 2026. ECF No. 55. Plaintiffs replied on September 8, 2026. ECF No. 60. For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Compel.

**LEGAL STANDARD**

Federal Rule of Civil Procedure Rule 26(b)(1) explains that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The scope of discovery is broad. *See United States v. Planned Parenthood Fed'n of Am., Inc.*, No. 2:21-CV-022, 2022 WL 19010334, at *2 (N.D. Tex. Aug. 25, 2022). Rule 26's only limitations are that discovery requests need to be "(1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case." *Id.* The threshold for relevance at the discovery stage is distinctly lower than the threshold for admissibility at trial. *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted). At this stage, relevance is construed broadly enough to include any "matter that bears on, or that reasonably could lead to other matter that could bear on, any

issue that is or may be in the case." *Id.* (internal marks omitted). Thus, discovery should be allowed unless "the information sought can have no possible bearing on the claim or defense of a party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).

If a party fails to produce documents or answer an interrogatory under Federal Rules of Civil Procedure 33 and 34, then Rule 37(a)(3)(B) allows the other party to "move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The party resisting the compulsion "must show specifically how each discovery request is not relevant or otherwise objectionable." *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (N.D. Tex. 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). Similarly, "[s]erving unsupported and boilerplate or stock objections does not preserve or accomplish anything other than waiver and subjecting the responding party to sanctions." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 582 (N.D. Tex. 2018).

Further, "[u]nder Federal Rule of Civil Procedure 26(c), the Court 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *R2 Sols. LLC v. Databricks, Inc.*, No. 4:23-CV-1147, 2024 WL 4753314, at *1 (E.D. Tex. Nov. 12, 2024) (quoting FED. R. CIV. P. 26(c)(1)). The "Fifth Circuit has recognized that 'at the discovery stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information.'" *June Med. Servs., LLC v. Phillips*, No. CV 14-525, 2022 WL 1481791, at *3 (M.D. La. May 10, 2022) (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021)). "The Court has broad discretion in determining whether to grant a

motion for protective order because it is 'in the best position to weigh fairly the competing needs and interests of parties affected by discovery.'" *R2 Sols. LLC*, 2024 WL 4753314, at *1 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

## ANALYSIS

### I. Requests for Production ("RFPs")

The Court's August 5 Order found Defendants' RFP responses to be insufficient and ordered amended responses. Plaintiffs argue that Defendants' amended responses to several RFPs remain insufficient. Namely, they challenge Defendants' responses to Rush P.A.'s RFPs Nos.: 4, 8, 11, 39, 42, and 44; and Dr. Rush's RFPs Nos.: 11, 34, 36, 38–40, 42, and 43. Defendants argue they complied with the Court's August 5 Order and produced 5,742 pages across 27 separate matters.

The Court finds the Defendants' responses are insufficient. The August 5 Order requires all amended responses to "specifically state whether Defendants have completed a full search for the relevant documents, what they have produced or will produce, what they are continuing to withhold and why, and a firm date by which production will be complete." ECF No. 32 at 5. The Court finds the Defendants' Responses to the RFPs listed above fail to meet the Court's ordered requirements. Some responses repeat objections the Court already ordered must be amended. Rush P.A. RFP 8, 11, 39, 42, and 44; R. Rush RFP 11. Others merely note "SAME AS ABOVE" without any further analysis. R. Rush RFPs 34, 36, 38–40, 42. Rush P.A. RFP 4 and 40, and R. Rush RFP 43 also contain incomplete answers.

Defendants are **ORDERED** to amend their responses to the RFPs addressed above **no later than ten days after the date of this Order**. The Court states again that each amended response must specifically state whether Defendants have completed a full search for the relevant documents, what they have produced or will produce, what they are continuing to withhold and why, and a firm date by which production will be complete.

**II. Privilege Log**

The parties dispute the current entries in the Defendant's privilege log. ECF No. 45 at 7. Plaintiffs argue Defendants' four current entries "provide broad date ranges, generic groups, . . . and stacked protection theories." *Id.* They claim Defendants "do not identify the actual authors and recipients, relevant Defendant, entity, client, or privilege holder; particular committee or consultant; the number or identity of documents or families; whether material was withheld or redacted; attachment relationships; segregable portions; or which protections applies to which subset." *Id.* Defendants provide no response to Plaintiffs' objections.

"Privilege logs are useful because they require the party resisting production to specifically 'identify each document and provide basic information, including the author recipient, date and general nature of the document.'" *Spectrum WT v. Wendler*, No. 2:23-CV-048, 2025 WL 3228239, at *3 (N.D. Tex. Nov. 19, 2025) (citing *Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 21 (N.D. Tex. 2021). While they can be organized categorically or document by document, "the log must still provide information needed to evaluate claims of privilege, including the category, date range, authors and recipients, privilege asserted, and representations that the materials fall within the scope of the privilege." *Spectrum WT*, 2025 WL 3228239, at *3.

The Court finds that the entries listed in the privilege log are insufficient. First, the categories described in entries 1 and 2 are too broad and may include relevant materials that are not protected. HIPAA, for example, is not "an absolute bar to discovery. The federal law simply creates a procedure for obtaining and using protected medical information in litigation." *Daywalker v. University of Texas Medical Branch at Galveston*, No. 3:20-CV-099, 2021 WL 4099827, at *2 (S.D. Tex. Sep. 9, 2021) (internal citation omitted). The Protective Order should govern the confidentiality issues in this case. Thus, if a HIPAA supplement is

needed, it can be entered without categorical withholding. While Texas Rule of Evidence 509 may apply to many documents,[1] the Court notes that Rule 509(e)(4) provides an exception when the privilege does not apply "if any party relies on the patient's physical, mental, or emotional condition as part of the party's claim or defense and the communication or record is relevant to that condition." TEX. R. OF EVID. 509(e)(4).

Second, entry 3 provides the following bases for withholding documents: peer-review, medical-committee, quality-assurance, credentialing, attorney-client, work-product, and consulting-expert protections over facility operations. ECF No. 45 at 79. While Texas protects the committee's evaluative process, an otherwise discoverable record does not later become privileged merely because a committee received or reviewed it. *In re Living Centers of Texas, Inc.*, 175 S.W.3d 253, 257 (Tex. 2005) ("[S]imply passing a document through a peer review committee does not make it privileged."). Accordingly, Defendants must provide a stronger basis for withholding.

Third, entry 4 covers legal advice, litigation strategy, discovery strategy, evaluation of claims/defenses, and counsel's mental impressions. ECF No. 45 at 79. The basis for withholding is attorney-client privilege and attorney work product. *Id.* However, Texas law governs attorney-client privilege here since the "state law supplies the rule of decision." FED. R. EVID. 501. Texas Rule of Evidence 503 protects confidential communications "made to facilitate the rendition of professional legal services," TEX R. OF EVID. 503(b)(1). It does not privilege every communication made to legal counsel and "transform nonlegal communication into one made for a legal purpose." *Univ. of Tex. Sys. v. Franklin Ctr. for Gov't & Pub. Integrity*, 675 S.W.3d 273, 280 (Tex. 2023).

[1] Federal Rule of Evidence 501 states that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." FED. R. EVID. 501. Here, all the causes of action are state law claims. Thus, the Texas Rules of Evidence govern privilege.

Accordingly, the entries currently provided in the privilege log are too broad and encompass documents that may not be protected. Defendants are **ORDERED** to amend the Privilege Log entries **no later than ten days after the date of this Order**.

**III. Defective Productions**

Plaintiffs' Motion was filed on August 30, 2026, one day before production deadlines were identified in Defendants' amended responses to Plaintiffs' Requests for Production. The Motion was thus premature. Defendants state they "had already agreed to provide" the productions Plaintiffs requested in their Motion. The use of the term "emergency" for a defective production when (1) the deadline had not yet passed; and (2) Defendants agreed to cure is unwarranted.

Defendants are **ORDERED** to complete their productions no later than ten days after the date of this Order.

**IV. Attorney Fees**

While the Court grants Plaintiffs' Motion, the Court finds that Plaintiff "filed the motion before attempting in good faith to obtain" the defective productions given that the Motion was filed one day before the deadline. FED. R. CIV. P. 37(5)(A)(i). Accordingly, the Court **DENIES** Plaintiff's request for attorney fees.

CONCLUSION

The Motion is **GRANTED**. Defendants are **ORDERED** to complete their production as described above. The expert designation deadline is now set for thirty days after Defendants complete the production described in this Order, with the responsive and rebuttal expert deadlines also shifted back by the same interval.

**SO ORDERED.**

October 19, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE